Attorneys for Plaintiff

Sidney L. Gold, Esquire
SIDNEY L. GOLD & ASSOCIATES, P.C.
1835 Market Street, Suite 515
Philadelphia, PA 19103
(215) 569-1999

Attorneys for Defendant

Gerald Hanchulak, Esquire
O'Malley, Harris, Durkin & Perry, P.C.
345 Wyoming Avenue
Scranton, PA 18503
(570) 348-3711

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RENEE EBERT, | : | CIVIL ACTION NO.: 3-CV-06-1022 |
| | : | |
| *Plaintiff* | : | |
| | : | JUDGE EDWIN M. KOSIK, SR. |
| vs. | : | |
| | : | |
| POCONO HEALTH SYSTEM, | : | (ELECTRONIC FILING) |
| | : | |
| *Defendant*. | : | |

### JOINT CASE MANAGEMENT PLAN

Instructions:  In many cases there will be more parties in the action than there are spaces provided in this form. Each party shall provide all requested information. If the space on this form is not sufficient, the form should be retyped or additional pages attached.

No party may submit a separate Case Management Plan. Disagreements among parties with respect to any of the matters below shall set be set forth in the appropriate section.

Having complied with the meet and confer requirements set forth in the LOCAL RULES, or with any orders specifically modifying their application in the above-captioned matter, the parties hereby submit the following Joint Case Management Plan.

**1.0    Principal Issues**

**1.10    Statement by Plaintiff**

This action is brought under the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §951 et seq. and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §261 et seq. The Plaintiff was employed by the Defendant from on or about July 3, 2003 until on or about September 29, 2004, the date of her unlawful termination. During the course of her employment, the Plaintiff held the position of Development Director, and at all times maintained a satisfactory job performance rating in that capacity.

On or about September 29, 2004, the Defendant terminated the Plaintiff's employment without justification. Thereafter, Defendant replaced the Plaintiff with a significantly younger, less experienced, less qualified, individual. The Plaintiff alleges that she was terminated from her employment with the Defendant solely as a result of her age (63).

**Statement by Defendant**

On May 19, 2006, Plaintiff filed a Complaint in this matter alleging violations of the Age Discrimination in Employment Act, 29 U.S.C. §621 et seq. and the Pennsylvania Human Relations Act 43 P.S. §951, et seq. The Plaintiff claims that on September 29, 2004, she was terminated based upon her age and was replaced by a significantly younger employee.

In fact, the Plaintiff was terminated from her employment on September 29, 2004, based solely on the Plaintiff's poor job performance and was not dismissed for any discriminatory purpose. Furthermore, the Plaintiff has not been replaced by someone outside of the suspect class as Plaintiff alleges. In fact, Plaintiff's position, to date, has not been filled.

The principal factual issues that the parties dispute are:

1.11    Whether the Plaintiff was terminated because of her Age in violation of the ADEA and the PHRA.

1.12    Whether Plaintiff demonstrated that she was qualified for the position of Development Director.

1.13   Whether Plaintiff's job performance was poor during her tenure as Development Director

1.14   Whether Plaintiff's termination was based upon poor job performance.

1.15   Whether Plaintiff was replaced by someone not a member of the suspect class.

1.16   Whether Plaintiff unreasonably failed to take advantage of opportunities provided by the Defendant which would have allowed her to improve her otherwise unsatisfactory performance.

agree upon are:

1.20   Plaintiff was employed at Pocono Health System from July 3, 2003 until September 29, 2004.

1.21   Plaintiff was terminated on September 29, 2004.


The principal legal issues that the parties dispute are:

1.31   Whether the Defendant discriminated against and terminated Plaintiff in violation of the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. §951 et seq. and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §261 et seq.

1.32   Whether the Plaintiff can prove a prima facie case of age discrimination, as her position has not been filled by someone outside of the suspect class.

1.33   Whether Plaintiff's claims are barred in whole or in part to the extent that they are not within the scope of her administrative charge.

1.34   Whether Plaintiff's claims are barred in whole or in part because they concern events that occurred outside of the Statutes of Limitations defined by the EEOC and the PHRC as those time periods relate to the filing of her administrative charge.

agree upon are:

1.60   The jurisdiction and venue of this Court is appropriate.

1.70   None.

**2.0     Alternative Dispute Resolution ("ADR")**

2.10    Identify any ADR procedure to which this case already has been assigned or which the parties have agreed to use.

ADR procedure Not applicable.

Date ADR to be commenced Not applicable.

2.20    If the parties have been unable to agree on an ADR procedure, but one or more parties believes that the case is appropriate for such a procedure, identify the party or parties that recommend ADR and the specific ADR process recommended:

Plaintiff will consider Mediation under the Middle District Court approved program after some discovery.

2.30    If all parties share the view that no ADR procedure should be used in this case, set forth the basis for that view:

    Not applicable.

**3.0     Consent to Jurisdiction by a Magistrate Judge**

Indicate whether all parties agree, pursuant to 28 U.S.C. § 636(c)(1), to have a magistrate judge preside as the judge of the case with appeal lying to the United States Court of Appeals for the Third Circuit:

All parties agree to jurisdiction by a magistrate judge of this court: No.

If parties agree to proceed before a magistrate judge, please indicate below which location is desired for the proceedings:

\_\_\_\_\_ Scranton

\_\_\_\_\_ Wilkes-Barre

\_\_\_\_\_ Harrisburg

**4.0    Disclosures**

4.100  Separately for each party, list by <u>name</u> and <u>title/position</u> each person whose identity has been disclosed.

4.101  Disclosed by: Plaintiff

|    | NAME | TITLE/POSITION |
|----|------|----------------|
| 1. | Renee Ebert | Plaintiff |
| 2. | Steve Cunningham | Vice President of Community Development |
| 3. | Wendy Dickinson | Administrative Assistant |
| 4. | Lynn Landsdowne | Human Resources Director |
| 5. | Mary Anne Heeter | Former Director |
| 6. | Sherry Sneed | Chaplain |
| 7. | Tom Hackett | Former Vice President |

It should be noted that the above have been disclosed by Plaintiff's Rule 26(a)(1) Initial Disclosures.

4.151  Disclosed by: Defendant

1. Wendy Dickinson;
2. Steve Cunningham;
3. Lynn Landsdown;
4. Patricia Melvin;
5. Carla Arbushites;
6. Joann Lim;

It should be noted that the above have been disclosed by Defendant's Rule 26(a)(1) Disclosure

4.200  Separately for each party, describe by <u>categories</u> the documents that have been disclosed or produced through formal discovery, indicating which categories relate (even if not exclusively) to damages:

No disclosures have been made at this time.

4.201  No disclosure have been made at this time by Plaintiff.

4.202 1. Commonwealth of Pennsylvania Human Relations Commission Determination;
      2. Pocono Health System Harassment Policy
      3. Pocono Health System Discipline Policy
      4. Pocono Health System Employment policy
      5. Pocono Health System Standards of Performance
      6. Pocono Health System Code of Ethics & Organizational Integrity Guidelines
      7. Plaintiff's performance evaluations
      8. Disciplinary Action Form

It should be noted that the above have been disclosed by Defendant's Rule 26(a)(1) Disclosure

4.300 <u>Additional Documents Disclosures</u>: Separately for each party, describe each additional category of documents that will be disclosed without imposing on other counsel the burden of serving a formal request for production of documents:

4.301 Additional categories of documents Plaintiff will disclose:

4.302     All documents related to backpay and mitigation.

4.303     All documents subpoenaed from the PHRC.

4.351     Additional categories of documents Defendant will disclose:

4.352     Plaintiff's entire personnel file

4.353     Plaintiff's payroll records

4.354     Documents provided to the PHRC

4.400 Separately for each party who claims an entitlement to damages or an offset, set forth the computation of the damages or of the offset:

4.401 Plaintiff's calculation of damages:

Economic Damages:

Back Pay Loss: The Plaintiff's back pay loss is approximately $40,140. Had the Plaintiff been employed by the Defendant from September 29, 2004 until the present (July of 2006), she would have earned approximately $122,500. Following the termination of Plaintiff's employment, she received approximately $4,610 in unemployment compensation and has earned approximately $77,750 in subsequent employment. Thus, the Plaintiff's back pay loss is approximately $40,140.

Front Pay: Unliquidated.

Loss of Medical Benefits: $26,624

Compensatory Damages for Emotional Distress: Unliquidated.

Punitive Damages: Unliquidated

4.402  Defendant's calculation of offset:

4.403  Counter claimant/third party claimant's calculation of damages:

Not applicable.

**5.0  Motions**

Identify any motion(s) whose early resolution would likely have a significant effect either on the scope of discovery or other aspects of the litigation:

Nature of Motion                              Moving Party         Anticipated Filing Date
Motion for Summary Judgement   Defendant                   December, 2006

**6.0  Discovery**

6.100  Briefly describe any discovery that has been completed or is in progress:

7

By plaintiff(s):

On July 18, 2006, Plaintiffs served Defendant with its Initial Disclosure Statements pursuant to Federal Rule of Civil Procedure 26(a)(1).

By defendant(s):

On June 29, 2006, Defendant served Plaintiff with its initial Disclosure Statements pursuant to Federal Rule of Civil Procedure 26(a)(1)

6.200  Describe any discovery that all parties agree should be conducted, indicating for each discovery undertaking its purpose or what kinds of information will be developed through it (e.g., "plaintiff will depose Mr. Jones, defendant's controller, to learn what defendant's revenue recognition policies were and how they were applied to the kinds of contracts in this case"):

The parties believe that they should exchange written discovery and depose key witnesses including, among others, Plaintiff and any other witnesses who have substantial knowledge relating to the claims and defenses asserted by Plaintiff and Defendant in this case.

6.300  Describe any discovery that one or more parties want(s) to conduct but to which another party objects, indicating for each such discovery undertaking its purpose or what kinds of information would be developed through it:

Not applicable at this time.

6.400  Identify any subject area limitations on discovery that one or more parties would like imposed, at the first stage of or throughout the litigation:

Not applicable at this time.

6.500 For each of the following discovery tools, recommend the per-party or per-side limitation (specify a number) that should be fixed, subject to later modification by stipulation or court order on an appropriate showing (where the parties cannot agree, set forth separately the limits recommended by plaintiff(s) and by defendant(s)):

6.501   depositions (excluding experts) to be taken by:

    plaintiff(s):        12              defendant(s): 12

6.502 interrogatories to be served by:

    plaintiff(s):        25              defendant(s):        25

6.503 document production requests to be served by:

    plaintiff(s):        40              defendant(s): 40

6.504 requests for admission to be served by:

    plaintiff(s):        25              defendant(s):  25

6.600 All discovery commenced in time to be completed by: December 11, 2006

6.700 Reports from retained experts due:

    from plaintiff(s) by December 11, 2006
    from defendant(s) by January 11, 2006

6.800 Supplementations due December 23, 2006

**7.0 Protective Order**

7.1   If entry of a protective order is sought, attach to this statement a copy of the proposed order.

Not applicable.

7.2   If there is a dispute about whether a protective order should be entered, or about certain terms of the proposed order, briefly summarize each party's position below:

Not applicable.

**8.0 Certification of Settlement Authority (All Parties Shall Complete the Certification)**

I hereby certify that the following individual(s) have settlement authority.

RENEE EBERT, PLAINTIFF
39 Gold Street
E. Stroudsberg, PA 18301
(570) 422-1190

**9.0 Scheduling**

9.1 This case may be appropriate for trial in approximately:

                    240 Days from the filing of the action in this court

    X          365 Days from the filing of the action in this court

  _____ Days from the filing of the action in this court

9.2 Suggested Date for Trial: February 7, 2007

9.3 Suggested Date for the final Pretrial Conference: January 7, 2007

9.4 Final date for joining additional parties:

    September 7, 2006    Plaintiff(s)

    September 22, 2006    Defendants(s)

9.5 Final date for amending pleadings:

    December 22, 2006    Plaintiff(s)

    December 22, 2006    Defendants(s)

9.6 All potentially dispositive motions should be filed by: March 15, 2007

**10.0 Other Matters**

Make any other suggestions for the case development process, settlement, or trial that may be useful or necessary to the efficient and just resolution of the dispute.

None at this time.

**11.0 Identification of Lead Counsel**

Identify by name, address, and telephone number lead counsel for each party


Dated:  July 19, 2006

/s/ Sidney L. Gold, Esquire
Attorney for Plaintiff

Sidney L. Gold, Esquire
SIDNEY L. GOLD & ASSOCIATES, P.C.
1835 Market Street
515 Eleven Penn Center
Philadelphia, PA 19103
(215) 569-1999

Dated:  July 19, 2006


/s/Gerald Hanchulak, Esquire
Attorney for Defendant

Gerald Hanchulak, Esquire
O'MALLEY, HARRIS, DURKIN & PERRY, P.C.
345 Wyoming Avenue
Scranton, PA 18503
(570) 348-3711